### HENRY FRICKE V. IDA FRICKE.

1. JURISDICTION AND DECREE NOT AFFECTED BY AGREEMENTS.

The jurisdiction of the court of common pleas in the matter of the custody of children is continuing, and the court is in no way bound by an agreement between the parties, nor is its decree affected thereby.

2. PETITION FOR MODIFICATION OF DECREE DOES NOT VACATE OR SUSPEND.

The pendency of a petition for modification of an allowance of alimony does not operate to vacate the original decree, nor will it prevent an attachment for contempt, for failing by reason of such agreement to comply with the former decree of the court, as to payment of alimony.

ERROR to the Court of Common Pleas of Hamilton county.

A judgment for $12.00 a month alimony was rendered against the plaintiff in error, a minor child having been given into the custody of the wife. Fricke failed to pay the alimony, and in a proceeding in contempt, brought in the usual form, he was adjudged guilty and sentenced to ten days in jail, unless he paid the $33 alimony then due. On error to this judgment, he contended that, having made an agreement with his wife, whereby he was to assume the custody of the child and to be relieved from paying alimony, and further having filed a petition for a modification of the order for alimony, he was absolved from answering to the charge of contempt. Upon obtaining custody of the child, he placed it in an orphan asylum. The wife went to the asylum, reclaimed the child and resumed custody of it.

PER CURIAM.

The jurisdiction of the common pleas court, in the matter of the custody of children, is continuing, and the court is in no way bound by an agreement between the parties, and its decree is not affected thereby. Nor does the pendency of a petition for modification of an allowance of alimony operate to vacate the original decree. There was, therefore, nothing to prevent the issuing of an attachment for contempt.

*C. S. Sparks*, for Fricke.

*Maurice L. Galvin*, contra.